1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  TRAYTON LANDROCHE,<br>      CDCR #V-75384,<br>11<br>                                  Plaintiff,<br>12<br>13<br>14                           vs.<br>15<br>16<br>17  CALIFORNIA PAROLE BOARD;<br>      KEITH BAKER; ALEXANDRA FLORES,<br>18<br>19<br>20                                  Defendants.<br>21<br>22 | Civil No.    13cv2644 GPC (MDD)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*, **IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350 FROM PRISONER'S TRUST ACCOUNT [ECF No. 2]; and**<br><br>**(2)  SUA SPONTE DISMISSING COMPLAINT FOR SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

23

24        Plaintiff, Trayton Landroche, a state prisoner currently incarcerated at the California

25  Rehabilitation Center located in Norco, California and proceeding pro se, has filed a civil rights

26  action filed pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that his constitutional rights were

27  violated when he was arrested for parole violations and housed in the San Diego Central Jail in

28  2012.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead,

he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

## I.     Motion to Proceed IFP [ECF No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust fund account statement (or institutional equivalent) ... for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1) [ECF No. 2] as well as a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. Plaintiff's trust account statement shows he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2], and assesses no initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1). However, Plaintiff is required to pay the full $350 filing fee mandated by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

/ / /

**II.      Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."   *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

**A.      Constitutional Claims**

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983.

**B.      Application to Plaintiff's Complaint**

To the extent Plaintiff seeks money damages against the California Parole Board ("CPB") for alleged constitutional violations,  the Court finds the constitutional claims against this Defendant must be dismissed for seeking damages against defendants who are immune pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).  The State of California, and the CPB, an agency of the State of California,  are not "persons" subject to suit under § 1983 and are instead, entitled to absolute immunity from monetary damages actions under the Eleventh Amendment.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993).

/ / /

/ / /

Plaintiff also seeks to hold Keith Baker, Commissioner of the Board of Parole Hearings, liable for monetary damages for his role in presiding over Plaintiff's parole revocation hearing. (*See* Compl. at 2, 5.)  However, state parole officials are immune from damages actions based on any decision to "'grant, deny, or revoke parole' because those tasks are 'functionally comparable' to tasks performed by judges." *See Swift v. California*, 834 F.3d 1184, 1189 (9th Cir. 2004) (citations omitted.).

**III.    Conclusion and Order**

Good cause appearing therefore, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2.      The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      The Clerk of the Court is directed to serve a copy of this Order on Jeffrey Beard, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.      Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

5.      The Clerk of Court is directed to mail Plaintiff a copy of a Court approved civil rights complaint form.

**IT IS SO ORDERED.**

DATED:  November 18, 2013

_____
HON. GONZALO P. CURIEL
United States District Judge